# UNITED STATES DISTRICT COURT

__WESTERN__ District of __ARKANSAS__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ERIC TORRES | Case Number: 5:10CR50024-001 |
| | USM Number: 09175-010 |
| | James B. Pierce |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   Two (2) of the Superseding Indictment on June 21, 2010

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Methamphetamine | 09/29/2009 | 2 |

    The defendant is sentenced as provided in pages 2 through __7__ of this judgment, with the court considering the Sentencing Guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   One (1)   X is   ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 7, 2010
Date of Imposition of Judgment

/ S /   Jimm Larry Hendren
Signature of Judge

Honorable Jimm Larry Hendren, Chief United States District Judge
Name and Title of Judge

October 8, 2010
Date

DEFENDANT: ERIC TORRES
CASE NUMBER: 5:10CR50024-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **fifteen (15) months**

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ a _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ERIC TORRES
CASE NUMBER: 5:10CR50024-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years**

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ERIC TORRES
CASE NUMBER: 5:10CR50024-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, place of employment, and vehicle to a search conducted by the United States Probation Office at a reasonable time and in a reasonable manner based upon reasonable suspicion of evidence of a violation of any condition of supervised release. The defendant shall warn any other residents that their premises may be subject to search pursuant to this condition.

2. In addition to the mandatory drug testing requirements, the defendant shall comply with any referral deemed appropriate by the U.S. Probation Officer for in-patient or out-patient evaluation, treatment, counseling or testing for substance abuse.

DEFENDANT: ERIC TORRES  
CASE NUMBER: 5:10CR50024-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 3,000.00 | $ - 0 - |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ 0 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the   X  fine   ☐ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ERIC TORRES
CASE NUMBER: 5:10CR50024-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __3,100.00__ due immediately, balance due

    ☐ not later than _____, or
    X in accordance    ☐ C,   ☐ D,   ☐ E, or   X F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of $100 or 10% of the defendant's net monthly household income, whichever is greater, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment — Page 7 of 7

DEFENDANT: ERIC TORRES
CASE NUMBER: 5:10CR50024-001

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

[X] ineligible for all federal benefits for a period of    five (5) years    .

[ ] ineligible for the following federal benefits for a period of _____ .
    (specify benefit(s)) _____

## OR

[ ] Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

[ ] be ineligible for all federal benefits for a period of _____ .

[ ] be ineligible for the following federal benefits for a period of _____ .
    (specify benefit(s)) _____

[ ] successfully complete a drug testing and treatment program.

[ ] perform community service, as specified in the probation and supervised release portion of this judgment.

IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531